**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

No. *12-6422-AMS*

**UNITED STATES OF AMERICA**

**vs.**

**GUILLERMO ENRIQUE VASQUEZ JARAMILLO,**

**Defendant.**

_____/

**CRIMINAL COVER SHEET**

1.    Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003?    _____ Yes   _x_ No

2.    Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to September 1, 2007?    _____ Yes   _x_ No

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

BY:    _____
TIMOTHY M. COLE
SPECIAL ASSISTANT U.S. ATTORNEY
Court No. A5501695
99 N. E. 4th Street
Miami, Florida   33132-2111
TEL (305) 961-9279
FAX (305) 536-4699

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
Southern District of Florida

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No. 12-6422-AMS |
| GUILLERMO ENRIQUE VASQUEZ JARAMILLO, | ) | |
| | ) | |
| | ) | |

_____
Defendant(s)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____August 16, 2011_____ in the county of _____Broward, Florida_____ in the

_____Southern_____ District of _____Florida_____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 18, United States Code, Section 1015(a). | The defendant, GUILLERMO ENRIQUE VASQUEZ JARAMILLO, did knowingly make a false statement under oath, in a case, proceeding, and matter relating to, under, and by virtue of any law of the United States relating to naturalization and citizenship, in that the defendant represented to an officer of the United States Citizenship and Immigration Services during an interview on his N-400 Application for Naturalization that his spouse was a citizen of Cuba, when in truth and in fact, and as the defendant then and there well knew, his spouse was not a citizen of Cuba, in violation of Title 18, United States Code, Section 1015(a). |

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT.

☑ Continued on the attached sheet.

_____
Complainant's signature

ROBERTO VALLE, SPECIAL AGENT HSI
Printed name and title

Sworn to before me and signed in my presence.

Date: 10/31/12

_____
Judge's signature

City and state: _____Miami, Florida_____

ANDREA M. SIMONTON, U.S. Magistrate Judge
Printed name and title

## **AFFIDAVIT**

I, Roberto Valle, of the United States Department of Homeland Security, United States Immigration and Customs Enforcement (hereinafter "ICE"), being duly sworn, do depose and state the following:

1. This complaint is based on the following facts, which are not all the details of which I am aware, but are submitted for the limited purpose of establishing probable cause.

2. On or about July 24, 2008, GUILLERMO ENRIQUE VASQUEZ JARAMILLO and his wife caused I-485 Applications to Register Permanent Residence or Adjust Status to be submitted to the United States Citizenship and Immigration Services ("USCIS"). VASQUEZ's wife sought her residency in the United States under the Cuban Adjustment Act as a citizen of Cuba and attached to her application a Cuban birth certificate indicating that her mother was born in Bolivia but that her father was born in Cuba. VASQUEZ sought his residency in the United States under the Cuban Adjustment Act as the spouse of a Cuban citizen. The applications were both subsequently approved, and VASQUEZ and his wife became residents of the United States.

3. In or about March 2011, VASQUEZ caused an N-400 Application for Naturalization to be submitted to USCIS, in which VASQUEZ certified, under penalty of perjury, that his spouse was a citizen of Cuba. On or about August 16, 2011, VASQUEZ appeared at a USCIS office in Broward County for an interview on his N-400. During the interview, after VASQUEZ was placed

under oath, he again confirmed that his wife was a citizen of Cuba. VASQUEZ also certified, under penalty of perjury, that the contents of his N-400 were true and correct.

4. On or about September 25, 2012, VASQUEZ was again interviewed by USCIS. VASQUEZ admitted that "we" paid $2,000 for the Cuban birth certificate, which he was told would solve his status in the United States. VASQUEZ also admitted that his wife's father was born in Bolivia.

5. VASQUEZ's admissions are corroborated by two nonimmigrant visa applications submitted by the wife's father to the Department of State, in which the wife's father indicated that he was a native and national of Bolivia.

6. On October 30, 2012, I interviewed VASQUEZ. Post-Miranda, VASQUEZ again stated that he paid $2,000 for the Cuban birth certificate.

7. Based on the foregoing facts, this affiant submits that there is probable cause to believe that VASQUEZ did knowingly make a false statement in a naturalization proceeding, in violation of Title 18, United States Code, Section 1015(a).

FURTHER AFFIANT SAYETH NAUGHT.

_____
Roberto Valle, Special Agent
U.S. Immigration and Customs Enforcement

Sworn to me and subscribed before me
this 3 1 day of October, 2012.

_____
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: _12 - 6 422 - AMS_

## BOND RECOMMENDATION

DEFENDANT: GUILLERMO ENRIQUE VASQUEZ JARAMILLO

$50,000 10% Bond and a $100,000 Cosigned Personal Surety Bond

(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)

By: _____
SAUSA: Timothy M. Cole

Last Known Address: 14700 Sutherland Avenue

Naples, Florida 34119

_____

What Facility: _____

_____

Agent(s): S/A Roberto Valle, ICE-HSI

(FBI) (SECRET SERVICE) (DEA) (IRS) (ICE) (**OTHER**)